IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT R. PORTER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DAVE BLAKE, Corrections )<br>Officer; BARRY WRIGHT, )<br>Corrections Officer; and MARK )<br>CAPOZZA, Unit Manager, )<br>Defendants. ) | Civil Action No. 04 - 464<br><br>Judge Thomas M. Hardiman /<br>Magistrate Judge Lisa Pupo Lenihan |

## **MEMORANDUM ORDER**

Presently pending before the Court is Plaintiff's Motion to Alter or Amend the Judgment pursuant to Fed. R. Civ. Proc. 59 (doc. no. 71). The purpose of a motion to alter or amend a judgment under Rule 59 is to correct manifest errors of law or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). A motion for reconsideration may not be used by a losing party to repeat old arguments previously considered and rejected by the Court. National Metal Finishing Co. v. Barclays American/Commercial, Inc., 899 F.2d 119, 124 (1st Cir. 1990). For these reasons, motions for reconsideration are extraordinary remedies which should be used sparingly. Id. at 123.

On January 16, 2007, Magistrate Judge Lisa Pupo Lenihan filed a Report and Recommendation (doc. no. 67) that recommended to grant the Defendants' Motion for Summary Judgment on the basis that Plaintiff failed to comply with the mandatory exhaustion requirement in 42 U.S.C. § 1997e(a). Service was made on plaintiff at S.C.I. Camp Hill and on counsel of record. Plaintiff filed

Objections to the Report and Recommendation on January 29, 2007 (doc. no. 68). In his objections, Plaintiff made the same arguments he is making in his current motion, *i.e.*, that he did not discover the milk contamination until he filed his grievance on July 13, 2002.

As stated in the Report and Recommendation, this assertion is belied by Porter's own statements in his July 13, 2002 grievance that he learned he tested positive for Hepatitis C on April 11, 2002. DOC determined his grievance was untimely because it was not filed within fifteen days of that event. The Magistrate Judge concluded that Plaintiff procedurally defaulted his claims in two major respects. First, by failing to contain any allegation in his grievance about any of the Defendants and failing to include any description of the alleged incident. Second, Porter procedurally defaulted his claims by failing to grieve them within the mandatory fifteen-day period.

On January 31, 2007, this Court granted Defendants' Motion for Summary Judgment and adopted the Report and Recommendation as the Opinion of the Court. (doc. no. 69). Plaintiff's Motion to Alter or Amend the Judgment neither presents new evidence nor alleges clear errors of law. Nor does it raise novel theories of law. Instead, it raises the same assertions made in his Reply and his Objections. In essence, Plaintiff is asking for reconsideration under Rule 59(e) to repeat old arguments previously considered and rejected. Consequently, the Motion will be denied.

**AND NOW**, this 26th day of March, 2007;

**IT IS HEREBY ORDERED** that the Plaintiff's Motion to Alter or Amend

Judgment (doc. no. 71) is **DENIED**.

Thomas M. Hardiman
United States District Judge

cc: Lisa Pupo Lenihan
United States Magistrate Judge

Robert R. Porter
DU-6434
SCI Camp Hill
P.O. Box 200
Camp Hill, PA 17001

All counsel of record